## Commonwealth v. Johnson

*Roy A. Gardner,* district attorney, for Commonwealth.

*Joseph Serling* and *John E. Morgan, Jr.,* for defendant.

PINOLA, J., December 11, 1953.—William J. Johnson, who stands charged with murder in the courts of Wyoming County, was transferred to and is now detained in the Luzerne County Prison by virtue of an order of the courts of Wyoming County and the Department of Welfare.

William B. Healey, the warden, being of the opinion that Johnson is in such condition as to require hospitalization for mental disease, has presented a petition for the appointment of two qualified physicians or a commission to determine his condition.

The district attorney of Wyoming County challenges the jurisdiction of this court.

Counsel for Johnson take the position that we do have jurisdiction because he is presently in our county.

They point to the language of paragraph 2 of section 102 of the Mental Health Act of June 12, 1951, P. L. 533, as amended, 50 PS §1072, which declares:

"(2) 'Court' shall mean the Court of Common Pleas or other court of record having jurisdiction, or law

judge thereof, of the county in which the patient *is* or resides."

The district attorney calls attention to the language of the introductory paragraph of this section which declares:

"As used in this Act, *unless the context clearly indicates* otherwise, the following words and phrases shall have the following meanings:" (Italics supplied.)

And, he argues, if reference is had to the whole of section 344 of the Mental Health Act, it is at once apparent that only the courts of Wyoming County have jurisdiction.

The pertinent part of section 344 of the Mental Health Act, as amended, 50 PS §1224, is as follows:

"(a) Petition for the commitment of—

"(1) Any person detained in any penal or correctional institution who is thought to be mentally ill or in such condition that he requires care in a mental hospital, or who is thought to be a mental defective.

"(2) Any person charged with a crime and released on bail pending trial who is thought to be mentally ill or a mental defective may be made to the Court under the order of which such person is detained or which has jurisdiction of the charge."

Never before have we seen such careless draftsmanship. There is no predicate in paragraph 1, and in paragraph 2 it does not appear what "may be made to the Court."

The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551.

In order to give a reasonable interpretation to this section, we must assume that in paragraph 2 it is the

petition for commitment which is to be presented to the court and we must read paragraph 2 and paragraph 1 together. We may then conclude that the petition for commitment of a person detained in any institution or who is charged with crime and has been released on bail, must be presented to the court "under the order of which such person is detained or which has jurisdiction of the charge."

With that result, we must enter the following

*Order*

The petition is dismissed for want of jurisdiction.